**NOT FOR PUBLICATION**

JUL 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH A. GRIFFIN, | No. 11-17848 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02525-MCE-JFM |
| v. | |
| J. BAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER, N.R. SMITH, Circuit Judges, and BENITEZ, District Judge[**]

California state prisoner Kenneth A. Griffin appeals from the district court's

judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his

serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Roger T. Benitez, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

de novo a dismissal for failure to exhaust administrative remedies and for clear error any underlying factual findings. *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014) (citing *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc)). We reverse in part.

The district court was correct in dismissing the Salinas Valley prison defendants. The primary purpose of an administrative grievance is to alert a prison to a problem and facilitate its resolution. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Griffin's administrative proceedings had concluded before he was transferred to the Salinas Valley prison. Griffin's grievance did not alert that prison because he had not yet been transferred. Therefore, the district court did not err in dismissing the Salinas Valley prison defendants: Rhoads, Bright, Sepulveda, and Pompan.[1]

The district court dismissed Griffin's claims against the California State Prison Sacramento defendants because it held as a matter of law that Griffin had failed to exhaust his administrative remedies. Griffin claimed that he was "satisfied" with the administrative relief partially granted to him at the first and

---

[1] Defendant Pompan also moved to dismiss on statute of limitations grounds. The district court found Griffin waived opposition and granted dismissal. On appeal, Griffin waived the issue by not raising it in his opening brief. *Balser v. Dep't of Justice*, 327 F.3d 903, 911 (9th Cir. 2003).

second levels of administrative review.  Once prison officials at California State Prison Sacramento purported to grant relief with which Griffin was satisfied, Griffin's exhaustion obligation ended.  *See Harvey v. Jordan*, 605 F.3d 681, 686 (9th Cir. 2010) (holding that when a prison promises a partial grant of relief with which a prisoner is satisfied, that prisoner has no obligation to further appeal).  His appeal to the third administrative level was simply a reminder grievance.  *See id.* at 685.  Therefore, the district court erred in dismissing the California State Prison Sacramento defendants.  On remand, the defendants may still contest whether Griffin was satisfied, as a matter of fact, using the procedures we set out in *Albino*. 747 F.3d at 1169-71.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**  All parties to bear their own costs of appeal.