**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID JONATHAN THOMAS, | No. 15-16572 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:13-cv-00508-RCJ-WGC |
| ISIDRO BACA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

David Jonathan Thomas, a Nevada state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized

Persons Act ("RLUIPA") alleging that defendants' refusal to provide him with a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

kosher food diet violated the free exercise clause of the First Amendment and RLUIPA. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168, 1171 (9th Cir. 2014) (en banc). We reverse and remand.

The district court erred in granting judgment for defendants, because defendants failed to meet their burden of demonstrating that grievance No. 2006-29-42178 was properly screened under existing prison regulations. *See id.* at 1172 (defendant bears the burden of proving that the prisoner did not exhaust available administrative remedies). Defendants did not produce evidence showing that Thomas was required to attach prior level grievance responses to his next level grievances. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (compliance with prison grievance procedures is all that is required by the Prison Litigation Reform Act ("PLRA") to properly exhaust). Moreover, grievance No. 2006-29-42178 was sufficient to put the prison on notice of Thomas' claims. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) ("[W]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (the PLRA does not "require an inmate to identify responsible

15-16572

parties or otherwise to signal who ultimately may be sued"). Accordingly, we reverse and remand for further proceedings.

We do not consider allegations and arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**REVERSED and REMANDED.**