**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL A. HUNT,

         Plaintiff-Appellant,

v.

D. RIOS; D. FIELDS,

         Defendants-Appellees.

No.    15-15368

D.C. No.
2:08-cv-00181-MCE-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before:  BERZON and CLIFTON, Circuit Judges, and LASNIK,[**] District Judge.

Michael A. Hunt, a prison inmate claiming retaliation in violation of the

First Amendment, appeals the district court's order granting summary judgment to

Correctional Officer Debra Fields and the district court's final judgment in favor of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Correctional Sergeant David Rios. We have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we affirm in part, reverse in part, and remand.

1. The district court did not err in granting summary judgment to Officer
Fields. A prisoner makes out a retaliation claim if he shows that a state actor took
an adverse action against him because of his prison grievance or lawsuit; that such
adverse action would have chilled a person of ordinary firmness from exercising
his First Amendment rights; and that the action did not reasonably advance a
legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir.
2009); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Mr. Hunt failed
to introduce evidence creating a genuine issue of fact regarding whether Officer
Fields had a retaliatory motive for filing a report linking Mr. Hunt to the Bloods
disruptive group. *See Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003).
Accordingly, summary judgment was proper.

2. The district court did not abuse its discretion in denying Mr. Hunt's
motion to appoint counsel. Mr. Hunt proved himself to be a capable *pro se*
litigator throughout the proceedings in the district court and demonstrated an
"ability to articulate his claims 'in light of the complexity of the legal issues
involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)
(quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The district

2

court cited cases that recite the relevant legal standards, and it stated its conclusion that the case was not an exceptional case warranting appointed counsel. *Cf. Solis v. Cty. of L.A.*, 514 F.3d 946, 958 (9th Cir. 2008) (concluding that it was not possible to review a denial of a motion to appoint counsel when the district court completely failed to articulate its reasoning). This conclusion was within the district court's sound discretion.[1]

3. The cumulative effect of several legal errors at trial prejudiced Mr. Hunt's *pro se* case against Sergeant Rios. *See Jerden v. Amstutz*, 430 F.3d 1231, 1240–41 (9th Cir. 2006). Accordingly, we reverse the district court's judgment in favor of Sergeant Rios and remand.

First, the district court erroneously instructed the jury that Mr. Hunt needed to prove "that the [defendant's] acts or omissions were so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury," in addition to correctly instructing the jury that Mr. Hunt needed to prove that his prison grievance was "a substantial or motivating factor for [Sergeant Rios's] adverse action." The "moving force" standard applies in the context of

---

[1] Mr. Hunt was ably represented on appeal by court-appointed pro bono counsel: Matthew I. Kreeger and Grant C. Schrader of Morrison & Foerster LLP. At oral argument, Mr. Schrader represented that he and Mr. Kreeger are prepared to represent Mr. Hunt in future trial court proceedings.

municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to determine who or what caused the constitutional injury, not in retaliation cases such as this, *see, e.g.*, *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

Second, the district court erroneously instructed the jury that the injury element of the retaliation claim required proof that "the adverse action chilled Plaintiff's exercise of protected rights" – a subjective standard rather than the objective one required by law. *See Brodheim*, 584 F.3d at 1271; *Rhodes*, 408 F.3d at 568–69.

Third, the district court abused its discretion by foreclosing Mr. Hunt's efforts to cross-examine Officer Fields, the sole non-party witness, regarding possible bias resulting from her involvement as a defendant in another retaliation lawsuit filed by Mr. Hunt, in which Mr. Hunt had prevailed. Absent cross-examination on this subject, the jury lacked sufficient information to appraise Officer Fields's biases and motives. *See Lewy v. S. Pac. Transp. Co.*, 799 F.2d 1281, 1298 (9th Cir. 1986).

Though Mr. Hunt did not formally object to these errors at trial, he presented the correct jury instruction regarding the "chilling" standard in his two pretrial statements and in his proposed jury instructions. And the district court itself already had articulated the correct "chilling" standard in this case: in denying the

officers' motion to dismiss, the district court corrected the officers' erroneous reliance on a subjective "chilling" standard, citing the proper objective standard from *Brodheim*, 584 F.3d at 1271. Moreover, the then-operative model jury instruction for causation in a Section 1983 suit, which used the "moving force" formulation, specifically instructed courts not to use that instruction in the context of a First Amendment retaliation claim. Ninth Cir. Model Civil Jury Instr. § 9.8 cmt. (2007 ed., approved Oct. 2009). Accordingly, we may review the district court's instructional errors de novo. *See Chess v. Dovey*, 790 F.3d 961, 970–72 (9th Cir. 2015); *Wilkerson v. Wheeler*, 772 F.3d 834, 840 n.4 (9th Cir. 2014). Doing so, we conclude that Sergeant Rios has not carried his burden to show that these errors were more probably than not harmless. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

Even if we reviewed for plain error, it is likely that these evident errors, cumulatively, affected Mr. Hunt's substantial rights, particularly given defense counsel's reliance on the instructional errors in closing argument. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016–18 (9th Cir. 2014) (en banc); *Jerden*, 430 F.3d at 1240–41. Because these cumulative errors also "seriously impaired the fairness, integrity, or public reputation of judicial proceedings," the plain error standard is

likely met. *See City of Sonora*, 769 F.3d at 1019 (quoting *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006)).

Accordingly, we reverse the district court's judgment in favor of Sergeant Rios and remand for further proceedings consistent with this disposition.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each party shall bear their own costs.