NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY STESHENKO,

        Plaintiff-Appellant,

  v.

THOMAS McKAY, of the Cabrillo
Community College; et al.,

        Defendants-Appellees.

Nos.  15-15625
       15-16611

D.C. No. 5:09-cv-05543-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted May 23, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges

    In these companion appeals, Gregory Steshenko appeals pro se from the

district court's judgment following a jury verdict in his action alleging

constitutional and statutory violations arising from his dismissal from a community

college nursing program, and its order awarding costs to defendants as prevailing

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's orders granting judgment as a matter of law and summary judgment. *Hunt v. County of Orange*, 672 F.3d 606, 611 (9th Cir. 2012) (judgment as a matter of law); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009) (summary judgment). We review for an abuse of discretion the district court's formulation of jury instructions and award of costs. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (costs to prevailing parties); *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014) (jury instructions). We may affirm on any basis supported by the record, *Gordon*, 575 F.3d at 1047, and we affirm.

The district court properly granted judgment as a matter of law on Steshenko's discrimination claims based on age, sex, and national origin because Steshenko declined to introduce evidence in support of these claims. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) ("Judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." (citation and internal quotation marks omitted)).

The district court properly granted judgment as a matter of law on Steshenko's disability discrimination claim because Steshenko failed to introduce evidence sufficient for a reasonable juror to conclude that discrimination occurred. *See id.* (standard of review); *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (describing a plaintiff's burden of proof under the Americans

with Disabilities Act); *see also Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004) (the same standard for liability applies under California's Unruh Civil Rights Act as under the ADA).

The district court properly granted summary judgment to Watsonville Community Hospital, Kristine Scopazzi, Berthalupe Carrillo, and Sally Newell (the hospital defendants) on Steshenko's § 1985 conspiracy claim because Steshenko failed to raise a genuine issue of material fact as to whether defendants had any agreement to dismiss Steshenko improperly from the nursing program. *See Haynie v. County of Los Angeles*, 339 F.3d 1071, 1078 (9th Cir. 2003) (to survive summary judgment plaintiff must present evidence of an agreement between defendants).

Judgment as a matter of law on Steshenko's § 1985 claim against Cabrillo Community College District, McKay, Nunn, and Lucero (the college defendants) was proper because § 1985 provides no independent basis for liability, and the jury found against Steshenko on his § 1983 claims. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) (explaining that "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983").

The district court properly granted summary judgment to the college defendants on Steshenko's defamation claim because Steshenko failed to raise a

genuine issue of material fact as to whether any statements of the college defendants fell outside of the privilege for communications made without malice between interested parties. *See SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008) (discussing privileged publications under California law); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("In reviewing a summary judgment, we are limited to the . . . evidence available to the court at the time the motion was made." (internal citation and quotation marks omitted)).

The district court properly granted summary judgment to the hospital defendants on Steshenko's defamation claim because Steshenko failed to raise a genuine issue of material fact as to whether these defendants made any actionable false statements about Steshenko. *See Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1177 (9th Cir. 2011) ("California law requires, in the case of a defamation claim by a private figure, that the allegedly defamatory statements be false.").

The district court properly granted summary judgment to the hospital defendants on Steshenko's labor law claims because Steshenko failed to raise a genuine issue of material fact as to whether an employment relationship existed. *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1147 (9th Cir. 2017) (adopting primary beneficiary test to determine whether student interns qualify as employees under the Fair Labor Standards Act).

The district court did not abuse its discretion by denying any spoliation sanctions at trial, and its factual findings regarding the extent of spoliation were not clearly erroneous. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957-58 (9th Cir. 2006) (standards of review for spoliation sanctions and for underlying factual findings).

We conclude that Steshenko did not waive his objections to the jury instructions by failing to timely file formal objections prior to the beginning of jury deliberations. *See Chess v. Dovey,* 790 F.3d 961, 970-71 (9th Cir. 2015) (applying pointless formality test when appellant proceeded pro se and the district court was aware of potential objections). The district court properly exercised its discretion in the formulation of jury instructions and verdict form. *See Wilkerson*, 772 F.3d at 838 (standard of review for formulation of jury instructions); *Galdamez v. Potter*, 415 F.3d 1015, 1026 (9th Cir. 2005) (standard of review for verdict form). Contrary to Steshenko's contentions, the jury instructions properly stated the law, fairly and adequately covered the issues presented, and were not misleading. *See Wilkerson*, 772 F.3d at 838 (standard of review for whether jury instructions properly state the law).

The district court did not abuse its discretion by enforcing time limits during the trial. *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (standard of review).

15-15625

The district court did not abuse its discretion by denying Steshenko's motion for an intradistrict transfer of venue from the San Francisco division to the San Jose division because Steshenko failed to show good cause, and the transfer would have substantially delay the trial. *See* 28 U.S.C. § 1404(b) (intradistrict transfer between divisions is within the discretion of the district court); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (listing factors that district court should consider in reviewing motion for transfer of venue).

The district court did not abuse its discretion by denying Steshenko's motions to exclude testimony from defendants' expert witnesses. *See Flores v. City of Westminster*, 873 F.3d 739, 753-54 (9th Cir. 2017) (standard of review). Contrary to Steshenko's contention, the district court reasonably concluded that the expert testimony was relevant and reliable.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In No. 15-16611, the district court did not abuse its discretion by awarding costs to Cabrillo Community College District, McKay, Nunn, and Lucero as prevailing parties under Fed. R. Civ. P. 54(d)(1). *See Draper*, 836 F.3d at 1087 ("We have interpreted Rule 54(d)(1) as creating a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." (internal quotation and citation omitted)). We reject as unsupported by

the record Steshenko's contentions that he did not consent to the appointment of pro bono counsel, and that he should not be responsible for costs resulting from appointed counsel's discovery. We reject as meritless Steshenko's contention that the district court violated his due process rights by appointing counsel.

Appellees Cabrillo Community College District, McKay, Nunn, and Lucero's motions to supplement the record (Docket Entry No. 38) and to strike the new evidence attached to Steshenko's opening brief (Docket Entry No. 39) are denied.

**No. 15-15625: AFFIRMED.**

**No. 15-16611: AFFIRMED.**