**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. R. WILKERSON, AKA Adonai El-Shaddai, AKA James Wilkerson, *Plaintiff-Appellant*, <br><br> v. <br><br> B. WHEELER; N. ALBONICO; D. L. THOMPSON; G. TURNER, *Defendants-Appellees.* | No. 11-17911 <br><br> D.C. No. 2:06-cv-01898-KJM-EFB <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted
September 9, 2014—San Francisco, California

Filed November 18, 2014

Before: Stephen Reinhardt, Ronald M. Gould, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### Prisoner Civil Rights

The panel reversed the district court's summary judgment and vacated a judgment, entered following a jury trial, in an action brought under 42 U.S.C. § 1983 alleging that correctional officers used excessive force in restraining plaintiff while he was incarcerated at High Desert State Prison in California.

Rejecting the government's argument that plaintiff waived his right to appeal the magistrate judge's findings regarding exhaustion of administrative remedies, the panel held that plaintiff exhausted his administrative remedies against defendant Sergeant Gary Turner. The panel held that plaintiff's grievance alerted the prison to the nature of the wrong for which redress was sought by (1) describing the use of force; (2) identifying Turner as one of the responding officers; and, (3) specifically describing Turner's use of force.

The panel held that plaintiff was prejudiced by the district court's jury instructions that plaintiff had been disciplined for resisting the officers. The panel concluded that *Heck v. Humphrey*, 512 U.S. 477 (1994), did not require the challenged jury instruction because the duration of plaintiff's indefinite life sentence was not at stake. The panel further held that the instruction was misleading and prejudicial

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

because it contradicted plaintiff's testimony that he had not resisted the prison guards.

The panel reversed the award of summary judgment to Turner, vacated the judgment as to the other officers, and remanded for a new trial. Because the panel vacated the judgment on the basis that the jury instructions were improper, it did not reach any of plaintiff's other arguments.

**COUNSEL**

Su-Han Wang (argued), Mark R.S. Foster, and Samuel S. Song, Morrison & Foerster LLP, San Francisco, California, for Plaintiff-Appellant Adonai El-Shaddai.

Jaime M. Ganson (argued), Deputy Attorney General; Kamala D. Harris, Attorney General of California; Jonathan L. Wolff, Senior Assistant Attorney General; and Thomas S. Patterson, Supervising Deputy Attorney General, Sacramento, California, for Defendants-Appellees B. Wheeler, N. Albonico, and G. Turner.

**OPINION**

GOULD, Circuit Judge:

Adonai El-Shaddai[1] ("El-Shaddai") alleges that correctional officers used excessive force in restraining him while he was incarcerated at High Desert State Prison in California. El-Shaddai sued the officers and the prison librarian under 42 U.S.C. § 1983, claiming that they violated his federal constitutional rights. Defendants prevailed at trial. El-Shaddai appeals, contending that: (1) the district court erred by instructing the jury that it was established that El-Shaddai resisted the correctional officers; (2) the district court abused its discretion in excluding certain witnesses and evidence; (3) the failure to appoint counsel for El-Shaddai was an abuse of discretion; and (4) the order granting summary judgment to Sergeant Turner, one of the correctional officers, for El-Shaddai's failure to exhaust administrative remedies was error.[2] We have jurisdiction under 28 U.S.C. § 1291. Because the district court erred in granting summary judgment to Turner, and because the jury instructions were misleading, we reverse the award of summary judgment to Turner, vacate the judgment as to the other officers, and remand for a new trial. Because we vacate the judgment on the basis that the jury instructions were

---

[1] The appellant's legal name is James Wilkerson. But to maintain consistency with the practice of the district court, we use his chosen name throughout this opinion.

[2] The same order also dismissed the prison librarian for failure to exhaust administrative remedies, but El-Shaddai does not challenge that ruling on appeal and we do not address it.

improper, we do not reach any of El-Shaddai's other arguments.

# I

El-Shaddai alleges that while incarcerated at High Desert State Prison in California, three prison guards used excessive force to restrain him. According to El-Shaddai, he was in the prison law library under the escort of two guards, Officer Bobby Wheeler ("Wheeler") and Lieutenant Nickolus Albonico ("Albonico"). El-Shaddai gave his legal documents to the prison librarian to copy. When Wheeler and Albonico attempted to bring El-Shaddai back to his cell, El-Shaddai said that he would not leave without his documents and that he needed to use a stapler located in another office, and began to walk away from the officers. The officers viewed this as resistance, and tackled and restrained El-Shaddai. A third officer, Sergeant Gary Turner ("Turner"), assisted in restraining El-Shaddai. The officers testified that, while restrained, El-Shaddai kicked and twisted. During the struggle, El-Shaddai yelled that his leg was broken. As a result of this incident, El-Shaddai received a Prison Disciplinary Rules Violation Report for willfully resisting an officer, and was found guilty in a prison disciplinary hearing. The outcome of the hearing was upheld in state habeas corpus proceedings.

El-Shaddai filed suit against the three correctional officers and the prison librarian. On June 7, 2007, defendants filed a motion to dismiss, arguing that El-Shaddai failed to exhaust his administrative remedies. The magistrate judge construed the motion as one for summary judgment, and, on February 12, 2008, recommended that the motion be granted as to Turner, based on the contents of El-Shaddai's prison

grievance. The district court adopted the magistrate judge's recommendations in their entirety. El-Shaddai's grievance had stated that he suffered injuries "[a]s a result of the assault on my person by C/O Wheeler and C/O Albonico and responding officers." He specifically identifies Turner as a responding officer, saying that Turner aided the other officers by "continuing to apply pressure on [El-Shaddai's] ankle despite [his] screams of pain." In records from the grievance and prison discipline process, El-Shaddai says that Turner "assisted C/O Albonico in taking control of [his] feet" and "maintained control of [his] legs utilizing [his] hands and lower leg to apply pressure to knowingly and deliberately inflict pain with full knowledge that [El-Shaddai] was in pain". The district court held that the grievance did not suggest that officers other than Wheeler and Albonico joined in the alleged abuse, thereby failing to put Turner and the librarian on notice of their need to defend against El-Shaddai's claims.

After the case was set for trial, El-Shaddai filed a motion requesting appointment of counsel on the grounds that he was an indigent prisoner and his incarcerated status made it difficult or impossible to locate or compel testimony from witnesses who were incarcerated in other facilities. The magistrate judge denied the motion, stating that no exceptional circumstances warranting a request for volunteer counsel existed in this case. El-Shaddai raised similar concerns shortly before trial about his ability to locate and subpoena incarcerated witnesses, in a request that the district court construed as a motion for appointment of counsel. It found that these circumstances warranted appointment of counsel if volunteer counsel were available, but no such counsel came forward.

During pre-trial proceedings, the district court excluded several of El-Shaddai's incarcerated witnesses, as well as certain documents on which El-Shaddai wanted to rely, from use at trial.

After the evidence was in, the judge instructed the jury that "[i]t is established that plaintiff resisted defendant Wheeler, and that plaintiff was disciplined by prison officials for that resistance. Plaintiff does not seek to expunge that disciplinary record and you are directed to assume that disciplinary record will remain unchanged." The court gave this instruction after defendants made a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, arguing that a jury finding of excessive force would undermine the prison disciplinary decision and thereby violate *Heck v. Humphrey*, 512 U.S. 477 (1994). Although the district court declined to take the case away from the jury, it agreed to the instruction. The instruction was refined after objections from defense counsel, who were concerned that it potentially violated *Simpson v. Thomas*, 528 F.3d 685 (9th Cir. 2008), which holds that *Heck* may not be used to exclude relevant evidence. The dispute on the instruction was resolved by stating that El-Shaddai was found guilty of "resisting" without specifying the conduct in the prison disciplinary report, and without highlighting any inconsistencies between El-Shaddai's testimony and that report.

The jury returned a verdict in favor of defendants on all claims. El-Shaddai filed a timely notice of appeal, and this appeal followed.

## II

We review questions of law related to exhaustion *de novo*, but we accept the judge's factual findings on disputed issues of material fact absent clear error. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).

We review a district court's denial of counsel to indigent civil plaintiffs under 28 U.S.C. § 1915 for an abuse of discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Evidentiary rulings are reviewed for abuse of discretion. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1008 (9th Cir. 2007). Errors will only support reversal if the error was prejudicial, or in the civil context, "more probably than not tainted the verdict." *Id.* at 1009.

We review a district court's formulation of civil jury instructions for an abuse of discretion, but we consider *de novo* whether the challenged instruction correctly states the law. "Jury instructions must be supported by the evidence, fairly and adequately cover the issues presented, correctly state the law, and not be misleading." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). But if any error relating to the jury instructions was harmless, we do not reverse. "In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered. Harmless error review for a civil jury trial . . . shifts [the burden] to the defendant to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Gantt v. City of L.A.*,

717 F.3d 702, 707 (9th Cir. 2013) (internal quotation marks, citations, and alterations omitted).

## III

### A. Granting Summary Judgment to Turner Was Error

At the outset, we reject the government's argument that El-Shaddai waived his right to appeal the magistrate's findings on exhaustion because El-Shaddai did not specifically object to them.[3]  "[P]arties who do not object to a magistrate's report waive their right to challenge the magistrate's factual findings but retain their right to appeal the magistrate's conclusions of law." *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).  Here, El-Shaddai does not challenge the magistrate's factual findings on whether he filed the grievance or its contents.  Rather, he challenges the legal conclusion as to whether the grievance gave adequate notice with regard to Turner, which we review *de novo*.  *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006); *cf. Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991).  The question of whether the district court erred in granting summary judgment in favor of Turner is properly before us.

As to the merits of the issue, the Prison Litigation Reform Act ("PLRA") requires inmates to both substantively and

---

[3]  On April 9, 2008, nearly two months after the magistrate judge issued his proposed Findings and Recommendations, and nine days after the district court adopted them in full, El-Shaddai filed an objection to the magistrate judge's Findings and Recommendations stating only that "Plaintiff make[s] this objection in order to preserve his right to appeal."

procedurally exhaust all claims through administrative avenues before filing a suit in court. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The scope of this requirement depends on the scope of administrative remedies that the state provides. *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In California, inmate grievances must "describe the problem and the action requested." Cal. Code Reg., tit. 15 § 3084.2. We have said that "when a prison's grievance procedures do not specify the requisite level of detail" needed to exhaust a claim, the standard enunciated in the Seventh Circuit applies. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). That standard provides:

> [w]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.

*Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

In recent decisions, we have applied the *Strong* standard to California prisoner claims. *Sapp v. Kimbrell* held that a prisoner who alleged that eye problems and denials of his requests for surgery or medical appointments exhausted his claim against a prison doctor, even though the prisoner never specifically identified the doctor in his grievance. 623 F.3d 813 (9th Cir. 2010). We reasoned that "Sapp was not

required to identify [the doctor] by name to exhaust the grievance against him. Neither the PLRA itself nor the California regulations require an inmate to identify responsible parties or otherwise to signal who ultimately may be sued." *Id.* at 824.

Here, El-Shaddai's grievance gave greater notice than Sapp's grievances. El-Shaddai described not only the nature of the wrong but also identified Turner by name. El-Shaddai's grievance states that he suffered injuries "[a]s a result of the assault on my person by C/O Wheeler and C/O Albonico and responding officers." It names Turner as a responding officer and says that Turner applied pressure to his ankle despite his screams of pain and that Turner acted deliberately to inflict pain. Because El-Shaddai's grievance describes the use of force against El-Shaddai by Wheeler, Albonico, and "responding officers," identifies Turner as one of those responding officers and specifically describes Turner's use of force, it "alerts the prison to the nature of the wrong for which redress is sought." *Sapp*, 623 F.3d at 824. We conclude that El-Shaddai exhausted his administrative remedies against Turner.

## B. The Jury Instructions Were Erroneous

El-Shaddai raises two arguments against the challenged jury instruction.[4] First, he contends that, although the district

---

[4] We reject the officers' argument that the jury instructions should be reviewed for plain error because, the officers claim, El-Shaddai failed to properly object to the instruction. El-Shaddai, who was without counsel, did object at other points in the proceedings that *Heck v. Humphrey* did not bar his claim because it would not affect his sentence. Also, the officers' own counsel's contemporaneous objection to the instruction,

court thought the instruction was required by *Heck v. Humphrey*, that case does not apply where, as here, the duration of an inmate's sentence is not at stake. Second, he contends that the instruction "had the effect of barring relevant testimony in violation of *Simpson v. Thomas*, 528 F.3d 685 (9th Cir. 2008)," because it contradicted El-Shaddai's testimony that he had not resisted the prison guards.

As to El-Shaddai's first contention, we conclude that *Heck* did not require the jury instruction given here. In *Heck*, the Supreme Court ruled that an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid. 512 U.S. at 480–82; *see also Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (extending *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings). But the Supreme Court has clarified that *Heck* does not bar a § 1983 claim that "threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]" *Muhammad v. Close*, 540 U.S. 749, 751 (2004). We have also held that application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

Here, El-Shaddai is serving an indefinite life sentence. Any loss of good-time credits could not extend his potential

arguing that it would violate *Simpson v. Thomas*, put the district court on notice of potential error.

term, which is life in prison. Further, as the California Attorney General's office argued in El-Shaddai's habeas corpus proceedings challenging the prison disciplinary action, the loss of good-time credits for a prisoner, such as El-Shaddai, whose date at which he is initially eligible for parole has already passed, does not affect the length of sentence. We conclude that *Heck v. Humphrey* did not require the challenged jury instruction.

Of course, even if *Heck* did not require the district court to give the instruction, it would not be error for the district court to do so unless the instruction contained some other error of fact or law. So long as an instruction correctly states the law and is not misleading or inadequate, a district court's decision to give an instruction is reviewed for abuse of discretion. *Oglesby v. S. Pac. Transp. Co.*, 6 F.3d 603, 606 (9th Cir. 1993). But the instruction here was misleading, and defendants have not carried their burden to show that any error was harmless.

In *Simpson v. Thomas*, we reversed a district court's exclusion of a § 1983 plaintiff's testimony. 528 F.3d at 696. The district court had held that, because *Heck* barred the use of § 1983 suits to collaterally attack prison disciplinary proceedings, and a disciplinary proceeding had found inmate Simpson responsible for instigating the use of force challenged in the § 1983 suit, Simpson was not permitted to testify that a guard had punched him first. *Id.* at 688–89. However, we held that *Heck* is not an evidentiary bar, but a claims bar, and so long as the § 1983 suit did not impact the disciplinary proceedings, the plaintiff was "entitled to tell the jury the entire story." *Id.* at 696.

Here, the district court's instruction, though it did not directly exclude any testimony, was in tension with El-Shaddai's trial testimony in a way that likely confused the jury. El-Shaddai testified: "I didn't refuse to comply with him. I just told him I'm getting my legal stuff first. I never said that I was—I'm not leaving the law library. I just said let me—I'm not leaving without my material." Even if, as defendants contend, El-Shaddai's statements that he did not immediately obey the officer constitute resistance under the relevant California penal regulations, the instruction that El-Shaddai did resist and was disciplined for that resistance, without clarifying for the jury that resistance need not be physical, posed a severe risk of prejudice. In light of the instruction, the jurors may well have understood that they were to disbelieve El-Shaddai's testimony in whole or in part. Even if such an instruction did not actually bar testimony within the meaning of *Simpson*, we conclude that it was misleading and therefore error.

We conclude that El-Shaddai was prejudiced by the instruction that he had resisted the officers. Because his own testimony was the central component of El-Shaddai's case, the likelihood of prejudice here is difficult to overcome. El-Shaddai testified that he was handcuffed and in waist restraints in the library. There was no evidence that El-Shaddai tried to assault any of the officers or posed a similar physical threat. The jury, without the instruction that El-Shadai resisted the officers, or even with that instruction if it had been adequately clarified on the nature of his "resistance," might well have decided that the force used against El-Shaddai was excessive.

The crux of this appeal is this:  The district court gave a general instruction on excessive force telling the jury to consider:

> the need to use force, the relationship between that need and the amount of force used, whether defendants applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the defendants, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered.  In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

Being told that El-Shaddai had resisted the officers without more clarification would probably lead a reasonable jury to think that his resistance had a physical component, and that in turn would justify the use of physical force by the officers to restrain him.  But if in fact, as he testified, his only resistance was briefly to delay complying with a command to come back to his cell and to say that he would await his legal papers from the copier, a jury would not necessarily have determined that physical force used against him was not excessive.  The instruction that El-Shaddai had resisted the officers, as determined in a prison discipline proceeding that wasn't appealed, was likely to lead the jury to conclude that he had used physical force in resisting, rendering use of physical force against him not excessive.  Yet, if El-Shaddai's testimony was credited by a jury, the jurors might have concluded that the officers *did* use excessive force, as El-

Shaddai had not physically resisted. To level the playing field in a fair way required either not giving the instruction that he had resisted the officers, or giving an adequate explanation of the nature of his resistance consistent with his testimony.

We hold that the challenged instruction was misleading and that there was resulting prejudice. Because we vacate the district court's judgment and remand for a new trial on the basis of the flawed jury instructions, we do not address El-Shaddai's arguments about his first request for appointed counsel or the evidentiary issues. We note, however, that at oral argument, El-Shaddai's *pro bono* attorneys indicated that they would continue to represent him on remand.

## IV

The judgment is vacated and this case is remanded to the district court for new trial and proceedings consistent with this opinion.

**REVERSED as to Summary Judgment for Turner, VACATED and REMANDED.**