NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN BRUCE JOHNSON, | No. 15-16398 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02400-WBS-DAD |
| v. | |
| R. ROBINSON, Correctional Counselor I; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Kevin Bruce Johnson, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising out of his alleged misclassification as a sex offender.  We have

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for failure to exhaust administrative remedies); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Johnson's claims against defendant Robinson because Johnson failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion . . . , which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) ("[W]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which exhaustion may be excused).

The district court properly dismissed Johnson's due process claims against defendants King and Jordan because Johnson failed to allege facts sufficient to show that the alleged misclassification resulted in an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" so as to give rise to a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997) (inmate's sex offender classification implicated a liberty interest only because applicable regulations required that sex offenders participate in a mandatory treatment program before being eligible for parole).

The district court properly dismissed Johnson's Eighth Amendment claims against defendants King and Jordan because Johnson failed to allege facts sufficient to show that he suffered any injury other than the classification itself. *See Hoptowit v. Ray*, 682 F.2d 1237, 1256 (9th Cir. 1982) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment."), *abrogated on other grounds by Sandin*, 515 U.S. 472.

Dismissal of Johnson's equal protection claims against defendants King and Jordan was proper because Johnson failed to allege facts sufficient to show that he was discriminated against because of his membership in a protected class or that he was treated differently than similarly situated individuals without a rational basis. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)

15-16398

(elements of "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for equal protection claim based on membership in protected class).

The district court did not abuse its discretion by declining to grant Johnson leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (setting forth standard of review and explaining that leave to amend should be denied if amendment would be futile).

Johnson's motion to file a supplemental reply brief (Docket Entry No. 35) is granted. The Clerk shall file the supplemental reply brief (Docket Entry No. 32).

**AFFIRMED.**