**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>VALLEY CORP. B.; TY LEVINE; KAREN LEVINE; RONALD J. HAAS; R. J. HAAS CONSTRUCTION CORP.,<br><br>Defendant - Appellants. | No. 14-17544<br><br>D.C. No. 5:10-cv-05533-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before: W. FLETCHER, RAWLINSON, Circuit Judges, and PRATT**, District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Robert W. Pratt, District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

Valley Corp B., Ronald J. Haas (Haas), Karen Levine, and Ty Levine (the Levines) appeal the district court's partial judgment in favor of plaintiff ProBuilders Specialty Insurance Company, RRG (ProBuilders). Appellants assert that the district court erred in refusing to give their proposed jury instructions on certain policy exclusions and indemnity coverage.

We review "a district court's formulation of civil jury instructions for an abuse of discretion, but we consider *de novo* whether the challenged instruction correctly states the law." *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014).

The district court properly instructed the jury on exclusion (M). "California cases consistently hold that coverage does not exist where the only property damage is the defective construction, and damage to *other* property has not occurred." *Reg'l Steel Corp. v. Liberty Surplus Ins. Corp.*, 226 Cal. App. 4th 1377, 1393 (2014) (internal quotation marks omitted) (emphasis in the original). Appellants' proposed instruction would extend coverage beyond the language of the exclusion as interpreted by California courts. *See id.* at 1394. Any error in failing to provide the jurors a definition of "impaired property" was harmless in view of the ample evidence supporting the jury's verdict. *See Wilkerson*, 772 F.3d at 838.

The district court also properly instructed the jury on exclusions J(5) and J(6). Appellants contend that exclusions J(5) and J(6) "exclude coverage only for work that is merely defective." However, Appellants' reading of these exclusions is too narrow. Exclusions J(5) and J(6) preclude coverage for "damage to. . . [a]ny real property. . . aris[ing] out of" work being performed by Haas or his subcontractors and "damage to. . . [a]ny property that must be restored, repaired, or replaced" because Haas or his subcontractors incorrectly performed work on it, respectively. "California courts have consistently given a broad interpretation to the terms 'arising out of' or 'arising from' in various kinds of insurance provisions." *Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal. App. 4th 321, 328 (1999); *see also Nguyen v. W. Digital Corp.*, 229 Cal. App. 4th 1522, 1545 (2014) ("[A]ny means without limit and no matter what kind.") (citation and internal quotation marks omitted).

Although the language of exclusions J(5) and J(6) in the ProBuilders policy differs from the language interpreted in published California cases, Appellants' argument that those differences, which appear to broaden both exclusions, should instead be interpreted to narrow them is unconvincing. *See Hollingsworth v. ProBuilders Specialty Ins. Co.,* No. B239118, 2013 WL 5798695, at *3-5 (Cal. Ct.

3

App. Oct. 28, 2013) (interpreting exclusion J(5) in a ProBuilders policy to preclude coverage more broadly than the standard J(5) exclusion).

The district court did not err in declining to provide Appellants' requested bad-faith instruction to the jury. Under California law, the bad-faith doctrine described in the proposed instruction has not applied to general liability insurers acting under a legal duty to defend. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) ("California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing. . . .") (citation omitted).

Finally, the district court did not err in declining to instruct the jury that the "Contractors Special Conditions" clause applied only if ProBuilders was substantially prejudiced by Appellants' failure to perform the conditions. California law does not support such an instruction. *See Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86, 97 (2002) (explaining that no cases require "a showing of prejudice outside the notice-cooperation clause context").

**AFFIRMED.**