NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOYT ELVIN HART II, | No.  20-55022 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01460-BEN-MDD |
| v. | |
| SCOTT R. LARSON; SCOTT R. LARSON, P.C., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MARVIN STORM, DVM; et al., | |
| Defendants. | |

| | |
|---|---|
| HOYT ELVIN HART II, | No.  20-55086 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-01460-BEN-MDD |
| v. | |
| SCOTT R. LARSON; SCOTT R. LARSON, P.C., | |
| Defendants-Appellants, | |
| and | |

_____

         *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MARVIN STORM, DVM; et al.,

　　　　　Defendants.

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 14, 2021[**]
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,[***] District Judge.

Defendants Scott Larson, a Colorado attorney, and Scott Larson, P.C. (collectively "Larson") retained Plaintiff Hoyt Hart, a California attorney, to represent Larson's clients, the Storms, in California personal injury litigation arising out of very serious injuries suffered by Mrs. Storm in California. After the Storms settled their lawsuit, Hart filed the complaint that led to this appeal. The complaint alleged that Larson fraudulently represented to Hart that, in August 2014, the insurer negotiating with the Storms offered them $8 million to settle their case. According to Hart, that misrepresentation induced him to agree to a less

---

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

2

favorable attorney fee-splitting agreement with Larson.

Hart's fraud claim was tried before a jury. The jury returned a verdict for Larson, finding that none of his representations to Hart were false. Hart appeals from the jury verdict, raising one evidentiary issue—whether the district court reversibly erred by admitting evidence of his tax and mortgage debt. Larson cross-appeals, raising one issue—whether the district court erred in denying Larson's motion for partial judgment based on California's litigation privilege. We have jurisdiction under 28 U.S.C. § 1291. We affirm the jury verdict against Hart and dismiss Larson's cross-appeal as moot.

Hart raises several arguments to show that the district court erred by admitting evidence of his tax and mortgage debt. He contends that he objected to the admission of this evidence through a motion in limine and motion for a new trial. But Hart's motion in limine did not specifically seek to exclude evidence of his tax and mortgage debt. And raising an issue for the first time in a motion for a new trial does not preserve it for appeal, even when the district court considers the merits of the issue in deciding the motion for a new trial. *See Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (reviewing for plain error a grant of a motion for a new trial based on attorney misconduct because the misconduct claim was not raised during trial); *see also Hemmings v. Tidyman's*

3

*Inc.*, 285 F.3d 1174, 1192–93 (9th Cir. 2002) (reviewing for plain error an issue raised for the first time in a motion for a new trial).

Thus, Hart failed to preserve his evidentiary issue for appeal, and we review his arguments only for plain error. *See Settlegoode*, 371 F.3d at 517. Because Hart makes no attempt to show that he has satisfied the plain error factors, his arguments fail.

Alternatively, even assuming Hart sufficiently objected below and the district court abused its discretion by admitting the evidence, Hart's arguments would fail because any error was harmless. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("In the civil context, an error will support reversal only if it 'more probably than not tainted the verdict.'" (quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014))).

There was strong evidence showing that Larson's statement about the $8 million settlement offer was in fact true. Most significantly, the mediator (retired Judge William Meyer) testified that, in August 2014, the insurer told him that it was willing to settle with the Storms for $8 million, and he conveyed this information to Larson. Evidence of Hart's tax and mortgage debt did not affect this key evidence showing that the Storms had received an $8 million settlement offer in August 2014. Thus, any error in admitting the evidence of Hart's tax and mortgage debt likely did not taint the verdict.

Given our disposition of Hart's appeal, we need not reach Larson's cross-appeal on the application of California's litigation privilege.  We therefore dismiss Larson's cross-appeal as moot.

**No. 20-55022: AFFIRMED.**

**No. 20-55086: DISMISSED.**