**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLYSON DROZD, | No. 21-35584 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00556-HZ |
| v. | |
| JEFFREY MCDANIEL, individually, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| CITY OF PORTLAND; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 10, 2022
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Allyson Drozd appeals from a jury verdict for Defendant-

Appellee Jeffrey McDaniel on Drozd's claim that McDaniel retaliated against Drozd

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in violation of the First Amendment of the Constitution. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context for our ruling. We review de novo whether verdict forms were legally erroneous. *See United States v. Stinson*, 647 F.3d 1196, 1218 (9th Cir. 2011) ("We treat verdict forms like jury instructions . . . ."); *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1469 (9th Cir. 1997) ("We review de novo whether the instructions misstated the law . . . ."). But we do not reverse if any error was harmless. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014).

Drozd argues that McDaniel retaliated against Drozd's exercise of First Amendment rights by threatening Drozd with pepper spray. The district court formulated verdict forms that reflected the district court's position that McDaniel was entitled to qualified immunity as to this 'threatened pepper spray' theory. Drozd claims that this embedded qualified immunity ruling was legal error. But any error by the district court was harmless. A necessary element of Drozd's retaliation claim is that McDaniel had a retaliatory motive. *See Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006), *abrogated in part on other grounds by Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). And despite going to trial, Drozd failed to adduce "specific, nonconclusory" evidence that could convince a reasonable jury that McDaniel had such a motive as to Drozd. *Jeffers v. Gomez*, 267 F.3d 895, 907 (9th Cir. 2001) (per curiam) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

2

**AFFIRMED.**