NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVAN D. IVANOV,

       Plaintiff - Appellee,

  v.

FITNESS ELITE TRAINING CENTER,
INC, an Idaho corporation; DAN
MAUGER; BROOKE MAUGER,

       Defendants - Appellants.

No. 23-3067

D.C. No.
1:20-cv-00380-CWD

MEMORANDUM*

IVAN D. IVANOV,

       Plaintiff - Appellee,

  v.

FITNESS ELITE TRAINING CENTER,
INC; DAN MAUGER; BROOKE
MAUGER,

       Defendants - Appellants.

No. 24-2651

D.C. No.
1:20-cv-00380-CWD

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted October 24, 2024

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Fitness Elite Training Center, Inc. ("Fitness Elite") appeals the district court's directed verdict, order of summary judgment, evidentiary rulings, award of attorneys' fees, and its judgment after trial. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's order on the liquidated damages and fringe benefits issues, and accordingly vacate its award of attorneys' fees. We affirm the district court in all other respects. We remand for further proceedings.

1. We review de novo "a district court's interpretation of state law." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (citation and internal quotation marks omitted). Under Idaho law, a court's interpretation and the legal effect of unambiguous contractual language are questions of law. *Huber v. Lightforce USA, Inc.*, 367 P.3d 228, 238 (Idaho 2016). Contrary to the district court's conclusion, this matter is controlled by the Idaho Supreme Court's decision in *Moore v. Omnicare, Inc.*, 118 P.3d 141 (Idaho 2005). Unlike *Huber*, and as in *Moore*, Fitness Elite's employment agreement with Ivanov provided for "liquidated damages" if Fitness Elite terminated Ivanov without cause. *Moore*, 118 P.3d at 145. And as with the contract at issue in *Moore*, the liquidated damages provision here was based on the entire term of the contract, decreasing with an increasing length of employment. *See id.* (payment for the

remainder of the agreement); *cf. Huber*, 367 P.3d at 238 (set payment of twelve-months' salary). Ivanov's contract, moreover, contained a reciprocal liquidated damages provision requiring Ivanov to pay Fitness Elite if he left his employment without cause. Such a provision further demonstrates that the contract provides for liquidated damages, rather than for severance pay. Because we conclude that, as a matter of law, the agreement here provided for liquidated damages, not wages, the district court incorrectly trebled these damages under the Idaho Wage Claim Act. And because the district court's calculation of attorneys' fees was based on the size of this damages award, we vacate that award and remand for further proceedings.

2. The district court did not abuse its discretion in admitting evidence of financial documents and audio recordings during the trial of this case. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). The information about Dan and Brooke Mauger's finances was relevant to whether there was a unity of interest between the Maugers and Fitness Elite. Nor did the district court err when it refused to give the jury a limiting instruction as to the financial documents, since the documents were not admitted for a limited purpose. *United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977). As to the audio recordings, the district court properly determined that portions of the audio recordings were opposing-party statements pursuant to Federal Rule of Evidence 801(d)(2)(A), and that portions of the recordings were admissible under Federal Rule of Evidence

403. The district court did not err in admitting the recordings in almost their entirety, given that Fitness Elite requested it do so. Fed. R. Evid. 106.

3. The district court did not err in determining that Fitness Elite's location was an essential term of the contract, or in supplying that term. Under Idaho law, "when parties to a contract have not agreed to a term essential to determine their rights and duties, the court supplies a term reasonable in the circumstances." *Hull v. Giesler*, 331 P.3d 507, 520 (Idaho 2014) (citing Restatement (Second) of Contracts § 204). Here, an anchoring location was essential to Ivanov's performance of the contract, which, among other things, required (1) meetings with Fitness Elite following each wrestling season; (2) "prospect evaluation, recruiting, training, [and] coaching"; (3) compliance with governing athletic rules; (4) and personnel supervision. *Cf. Midtown Ventures, LLC v. Capone*, 539 P.3d 992, 1004 (Idaho 2023). And the district court did not err in determining that a reasonable jury would not have a legally sufficient evidentiary basis to find that Fitness Elite's location was anywhere but Wendell given that: Fitness Elite's only gym is physically located in Wendell, Idaho; the only addresses it has used are in Wendell; the testimony at trial that the intention was for Ivanov to be head coach at the Wendell gym; and that Ivanov had moved to and lived in Wendell during his time working for Fitness Elite.

4. We reverse the district court's judgment requiring Fitness Elite to pay $456.52 in fringe benefits. Under Idaho law, the relevant test for determining whether a liquidated damages provision is enforceable is whether actual damages are "difficult or impossible to determine," and whether liquidated damages "bear a reasonable relationship to the actual damages anticipated to be incurred." *Margaret H. Wayne Tr. v. Lipsky*, 846 P.2d 904, 909–10 (Idaho 1993). Applying this test to the contract between Fitness Elite and Ivanov, we conclude that the entirety of the contract's liquidated damages provision—including its accompanying exclusion-of-remedies clause—is enforceable. This exclusion-of-remedies clause precludes an award of fringe benefits to Ivanov.

5. The district court did not err in requiring Brooke Mauger to execute the deed of trust. A spouse is estopped from invoking the protections of Idaho Code § 32-912 when they are "either 'actually aware of the contract' to convey the property in question or 'actually participated [in] and benefited from the contract during its duration.'" *Calvin v. Salmon River Sheep Ranch*, 658 P.2d 972, 976 (Idaho 1983). "[C]onduct from which [the spouse's] acquiescence [in the contract] can be inferred may be sufficient to establish an estoppel." *Id.* The evidence here demonstrated that Brooke was aware of a prior version of the contract and of the employment relationship between Ivanov and Fitness Elite. She also benefited from the contract: her son received wrestling tutelage; she received assistance in

running Fitness Elite's affairs; and she derived personal benefits directly from Ivanov.

**REVERSED IN PART, AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.** The parties shall bear their own costs on appeal.