**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL GAUTIER; USA DIRECT WHOLESALE INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LOS ANGELES POLICE DEPARTMENT; CITY OF LOS ANGELES; and ALVARO GARZON, <br><br> Defendants- Appellees. | No. 24-4028 <br><br> D.C. No. 2:20-cv-08091-MCS-PD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted June 13, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

At trial, a jury ruled in favor of Defendants-Appellees and against Plaintiffs-

Appellants, Noel Gautier and USA Direct Wholesale Inc.  Plaintiffs appeal multiple

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decisions of the district court related to that trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs argue that the district court erred by not granting their motions for judgment as a matter of law (JMOL) and for a new trial. Plaintiffs argue that the district court failed to decide as a matter of law, and instead submitted to the jury, whether certain omissions in the probable cause affidavits were material. We review the denial of a JMOL motion *de novo*, and the denial of a motion for a new trial for abuse of discretion. *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir. 2002).

Plaintiffs are correct that materiality is an issue of law for the district court to decide. *See Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (citing *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995)). But they misunderstand the record: The district court ruled that four alleged misrepresentations or omissions were material *if* the jury found that those statements or omissions occurred. And the jury instructions reflected that ruling. Thus, the district court did decide materiality.

Plaintiffs argue that the district court found in ruling on Defendants' motion for summary judgment that the officer made material misrepresentations such that that question should not have been presented to the jury. However, the standard on summary judgment is different from a jury trial in that all facts must be construed in the light most favorable to the non-moving party, *Isbell v. City of San Diego*, 258

2

F.3d 1108, 1112 (9th Cir. 2001), and the district court only denied Defendants' motion, it did not grant summary judgment to Plaintiffs. In addition, contrary to Plaintiffs' arguments, the district court at summary judgment expressly reserved the mens rea issue for the jury.

Plaintiffs also suggest that the jury's verdict on their judicial deception claim was not supported by sufficient evidence. "A jury's [civil] verdict must be upheld if it supported by substantial evidence. Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (citations and quotation marks omitted). Here, the officer's testimony about his investigation and state of mind was adequate to support the verdict.

2. Plaintiffs allege that the district court erred by failing to provide a "corrective" instruction after Defendants' counsel made an inaccurate statement of law during closing arguments. "The trial judge has broad discretion in controlling closing argument, and improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Tucker*, 641 F.3d 1110, 1120–21 (9th Cir. 2011) (citation omitted). Plaintiffs claim that Defendants' counsel inaccurately told the jury that they must find "intent to deceive," but counsel also correctly referenced "reckless disregard for the truth,"

3

and either state of mind could establish liability. In any event, the district judge informed the jury that closing arguments were not statements of the law, and the jury instructions reaffirmed that and correctly advised the jury on the judicial deception claim. *See id.* (allowing prejudice to be "neutralized by the trial judge").

3. Plaintiffs maintain that the district court erred by declining to provide the jury their proposed instruction 19, which offered the definitions of hemp and cannabis from the California Food and Agriculture Code. We review the formulation of civil jury instructions for abuse of discretion, but we review de novo whether an instruction correctly states the law. *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014).

Plaintiffs claimed the officer engaged in judicial deception when he investigated them, which he did under the Health and Safety Code[,] not the food and Agriculture Code. The jury instructions articulated the definitions of hemp and cannabis based on the relevant criminal laws under which Plaintiffs were investigated. The district court did not abuse its discretion by concluding that Plaintiffs' proposed instruction would have only confused and misled the jury. Even if the district court erred, any error was not prejudicial because "looking to the instructions as a whole, the substance of the applicable law was . . . fairly and correctly covered." *Wilkerson*, 772 F.3d at 838 (quoting *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013)).

4

4. Plaintiffs assert that the district court abused its discretion in declining supplemental jurisdiction over their conversion action under 28 U.S.C. § 1367(c)(1). We review declinations of supplemental jurisdiction for abuse of discretion. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (citation omitted).

The district court declined jurisdiction because the conversion claim presented a novel or complex issue of California law. Namely, it was unclear what entity—the state criminal court, the City of Los Angeles, or the LAPD—was the custodian of the allegedly converted property. Because the district court found that question to be complex and inadequately briefed, it did not abuse its discretion in dismissing the action without prejudice for filing in state court. *See* 28 U.S.C. § 1367(c)(1).

5. Plaintiffs maintain that the district court erred by finding that they forfeited their right to renew their JMOL motion on their state negligence claim. The district court, quoting Plaintiffs' pre-verdict JMOL motion, found that Plaintiffs only moved for JMOL on their judicial deception claim.

The record supports the district court's finding of forfeiture. After jury deliberations began, Plaintiffs' counsel said, "[W]e're going to throw in a quick Rule 50 motion based on the *judicial deception* claim, just so that we would be able to renew it after the verdict." Plaintiffs' counsel said nothing of this negligence claim. On appeal, relying on *Reeves v. Teuscher*, 881 F.2d 1495 (9th Cir. 1989), Plaintiffs

5

suggest that their opposition to Defendants' JMOL motion on the negligence claim preserved this issue. *Reeves* established no such rule. And unlike *Reeves*, there is nothing in the record demonstrating that Plaintiffs were prevented from raising a pre-verdict JMOL motion on their negligence claim. *Id.* at 1498. Plaintiffs simply failed to do so.

6.      Plaintiffs contend that the district court erred in denying their request that their experts' deposition transcripts be admitted into evidence without live testimony. Plaintiffs argue that their experts were over 100 miles away, were expensive, and at least one was unavailable due to a scheduling conflict. We review the district court's evidentiary decision for abuse of discretion. *United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009).

Plaintiffs did not mark their experts' deposition testimony for inclusion at trial prior to the final pretrial conference and they did not file the transcripts until the second day of trial. Those actions violated the district court's final pretrial order and local rules, respectively. *See* C.D. Cal. R. 32-1. Further, in their briefing to this Court, Plaintiffs fail to point to any prejudice from the omission of their proposed experts; instead, they assert that "[e]ven if the [district] court was correct, in the interest of justice, the court should have allowed the expert's testimony to be used." But Plaintiffs have not explained how denying their request to present their experts through their deposition testimony, and enforcing the district court's rules and order

6

instead, contravened the interests of justice. Therefore, as Plaintiffs violated the district court's rules and orders and, regardless, have neither shown prejudice nor how the interests of justice were not served, we affirm.

7. Plaintiffs appeal the district court's grant of Defendants' JMOL motion on Plaintiffs' intentional infliction of emotional distress and negligent warrant execution claims. Plaintiffs' briefing here rehashes the evidence and testimony but does not state how the district court erred. We will not "manufacture arguments for an appellant," so Plaintiffs forfeited this issue by not adequately raising it in their opening brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

8. Plaintiffs argue that the district court erred in rejecting two of their proposed trial exhibits: an unsigned lease for the subject property (Exhibit 2) and a seller's permit from the California Department of Tax and Fee Administration (Exhibit 8). Plaintiffs forfeited this issue as to Exhibit 8 by failing to adequately address this Exhibit in their opening brief. *See Greenwood*, 28 F.3d at 977.

As to Exhibit 2, the district court held that the lease agreement lacked foundation because it was not signed and the witness through whom Plaintiffs sought to introduce the agreement was not a party to it. Plaintiffs now argue that they sought to introduce the lease agreement as a measure of damages. But they do not explain how they could be prejudiced by the exclusion of evidence that went to damages in a case where the jury did not find liability.

**AFFIRMED.**