NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA CORTEZ, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC.; CHIPOTLE SERVICES, LLC, <br><br> Defendants-Appellants. | No. 19-56354 <br> 20-55153 <br><br> D.C. No. 2:17-cv-04787-GW-JPR <br><br> MEMORANDUM* |
| LUCIA CORTEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC.; CHIPOTLE SERVICES, LLC, <br><br> Defendants-Appellees. | No. 20-55113 <br><br> D.C. No. 2:17-cv-04787-GW-JPR |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 16, 2021
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,[**] District Judge.

Lucia Cortez ("Cortez") appeals the district court's judgment following a jury's verdict in favor of Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (collectively, "Chipotle") on her disability discrimination and failure to accommodate claims under California's Fair Employment and Housing Act ("FEHA"). Chipotle cross-appeals the district court's summary judgment in favor of Cortez on her claim under California Labor Code § 1198.5 for failure to timely produce copies of all her personnel records. Chipotle also appeals, pursuant to 28 U.S.C. § 1292(b), the district court's order granting Cortez a new trial on her claim for failure to engage in the interactive process. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292(b). We affirm in part and reverse in part.

**Cortez's Appeal, No. 20-55113**

**1**. The district court's denial of summary judgment[1] to Cortez and Chipotle on Cortez's FEHA claims is generally not reviewable after a full trial on the merits because it was not based on an error of law. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). Instead, the district court found that

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] We review de novo the district court's summary judgment rulings. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000).

whether Cortez was disabled at the time of her termination was a materially disputed issue of fact that a jury had to resolve. *See Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902–03 (9th Cir. 2004). Therefore, we do not address the merits of Cortez's challenge to the district court's denial of her supplemental motion for summary judgment.

**2**. "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, . . . '[a] schedule may be modified only for good cause and with the judge's consent' . . . ." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting Fed. R. Civ. P. 16(b)(4)). The district court stated in its pretrial scheduling conference that there would be "no further amendments without a Rule 16 motion." In ruling on Cortez's motion to amend, the district court acknowledged that "the minutes from the pretrial scheduling conference do not specifically list the last date for amendments" to the pleadings. The minutes from the conference identified May 7, 2018 as the last day for motions to be heard. Cortez did not file her motion to amend until September 10, 2018. The district court therefore treated the motion as one to amend the scheduling order, applied the Rule 16 "good cause"

standard, and looked for evidence of Cortez's diligence in seeking leave to amend her complaint.[2] *See id*. at 737–38.

Cortez argues that her late motion was justified because: (1) the material facts of her proposed interference claim were already included in the original complaint; and (2) Chipotle did not produce documents that supported her interference claim until May 2018. The district court characterized Cortez's arguments as contradictory and focused on Cortez's diligence. On appeal, Cortez also argues that leave to amend should have been granted because Chipotle would not be prejudiced by the proposed amendment. We affirm the denial of Cortez's motion for leave to amend. Because the facts underlying the proposed interference claim were already known when Cortez filed her complaint, and she filed her motion months after the scheduling order's deadline, the district court did not abuse its discretion in finding that Cortez did not establish good cause to extend the deadline.

---

[2] We review for abuse of discretion the district court's denial of a motion to extend a Rule 16 scheduling order's filing deadlines and for leave to amend. *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982, 989 (9th Cir. 2017).

**3**. Cortez argues that the district court abused its discretion by denying her motion for a new trial.[3]  First, she argues the court should have granted a new trial because it issued erroneous jury instructions requiring her to demonstrate that her request and leave were a "substantial motivating factor" in her termination.  She argues that she only needed to demonstrate that the leave was "a negative factor" to prove interference.  Cortez, however, never proposed a proper jury instruction related to her interference theory.  Instead, she merely tried to substitute the causation element in the jury instruction for her Wrongful Termination in Violation of Public Policy claim for a similar causation element to the one she asserts here.  Because Cortez failed to propose a proper interference jury instruction, it was not an abuse of discretion for the district court to deny her a new trial to provide the jury instruction she now proposes.

**4**.  FEHA makes it unlawful for an employer to "fail to make reasonable accommodation for the known physical . . . disability of an . . . employee."  Cal. Gov't Code § 12940(m)(1).  Following the jury's verdict, Cortez also sought a new trial on her Failure to Provide Reasonable Accommodation claim, asserting that there "was no evidence at trial to establish that Chipotle accommodated Cortez."  Given that David Shadix was aware that Cortez "had some [mental health] issues,"

---

[3] We review for abuse of discretion the district court's ruling on Cortez's motion for a new trial.  *Kode v. Carlson*, 596 F.3d 608, 611–12 (9th Cir. 2010) (per curiam).

however, the jury could have logically inferred that the leave was intended to accommodate both Cortez's physical and mental health issues. As a result, there is sufficient evidence to support the jury's verdict. We affirm the denial of Cortez's motion for a new trial on her failure to reasonably accommodate claim.

**Chipotle's Cross-Appeal, No. 20-55153**

**5**. The district court granted summary judgment to Cortez on her claim under California Labor Code § 1198.5. That statute provides that "[e]very current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee" within 30 calendar days following receipt of a written request. *Id.* § 1198.5(a); *see also id.* § 1198.5(b)(1). When Chipotle responded to Cortez's initial request for a copy of her personnel records, it did not turn over Cortez's incomplete 2015 and 2016 performance reviews. These reviews were not produced until February 20, 2018. Although these documents were in Shadix's possession, they were clearly created as part of his management duties at Chipotle, and thus qualified as personnel records. We affirm the grant of summary judgment to Cortez on her claim under § 1198.5.

**Chipotle's Appeal, No. 19-56354**

**6**. FEHA makes it unlawful for an employer to "fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical . . . disability or known medical condition." Cal. Gov't Code § 12940(n). Cortez alleged that Chipotle violated this statute by failing to engage in the interactive process. The jury, however, found that Cortez did not "request that Chipotle make reasonable accommodation for [her mental health] condition" and returned a verdict in favor of Chipotle. We agree with Chipotle that the district court abused its discretion in granting a new trial on this claim.

In granting Cortez's motion for a new trial, the court reasoned that its instruction for this claim, which tracked the Judicial Council of California Civil Jury Instructions (CACI) No. 2546, was incomplete because it did not include all the events listed in Cal. Code Regs. tit. 2, § 11069(b) that require an employer to initiate the interactive process.[4] Because Cortez had proposed a jury instruction that included the § 11069(b) events, the court determined that it prejudicially erred in failing to give an instruction that listed those events. The claim presented to the

---

[4] We review de novo the district court's legal determinations. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). "[A] district court abuses its discretion when it makes an error of law. . . ." *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816–17 (9th Cir. 1997).

7

jury, however, was based on Chipotle's failure to engage in the interactive process in violation of § 12940(n), not one based on its failure to initiate the interactive process in violation of § 11069(b).

By combining the statutory and regulatory standards, the court effectively extended the reach of § 12940(n) to events not contained in the statute, such as where an "employee or the employee's health care provider *indicates* that further accommodation is still necessary." Cal. Code Regs. tit. 2, § 11069(b)(3) (emphasis added). FEHA, however, only creates an obligation to engage in the interactive process with an employee "in response to a *request* for reasonable accommodation by an employee." Cal. Gov't Code § 12940(n) (emphasis added). To interpret § 11069(b) to expand the reach of § 12940(n) creates a new source of potential liability under the FEHA and doing so would inappropriately "alter or amend the [FEHA] or enlarge or impair its scope." *Morris v. Williams*, 433 P.2d 697, 707 (Cal. 1967) (en banc). The district court erred in its interpretation of § 11069(b). Because § 12940(n) expressly requires an employee to request a reasonable accommodation, and the court's jury instruction properly set forth that requirement, the instruction was not erroneous. We therefore reverse the district court's order granting a new trial on Cortez's claim that Chipotle failed to engage in the interactive process.

**REVERSED** in part and **AFFIRMED** in part. The parties shall bear their own costs on appeal.